IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MICHAEL BADER, | : |
| Plaintiff, | : Civil No. 13-5697 (RBK/KMW) |
| v. | : **OPINION** |
| SCHMIDT BAKING CO., INC., et al., | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Michael Bader ("Plaintiff") to remand this action to the Superior Court of New Jersey, Law Division, Camden County. Plaintiff alleges that Defendants' removal was not timely and thus in violation of 28 U.S.C. § 1447(c)(1), and further seeks costs and attorney's fees. Defendants respond that although they removed this case more than one year after Plaintiff commenced his action in state court, Plaintiff's bad faith excuses the untimeliness of their filing. For the reasons stated below, Plaintiff's motion is GRANTED in PART and DENIED in PART.

**I. BACKGROUND**

On or about November 6, 2011, Plaintiff was working as an order picker for Gourmet Bakery Distributors, Inc., when Defendant Charles Sluter, an employee of Defendant Schmidt Baking Co., Inc., allegedly struck the Plaintiff in the knee with a hand truck causing the Plaintiff to be injured. (Doc. No. 8, Ex. A (Compl. ¶¶ 1-4, 6).) On May 16, 2012, Plaintiff filed his Complaint in the Superior Court of New Jersey, Camden County, against Defendants for

negligence.  (Id.)  Plaintiff's Complaint included a Demand for Answers to Interrogatories.  (Id.)

Defendant Schmidt was served on May 29, 2012.  (Id., Ex. B (Affidavit of Service on Defendant Schmidt Baking Co., Inc., dated May 29, 2012).)  Defendant Sluter's counsel accepted service on behalf his client on September 18, 2012, after Plaintiff attempted to serve Defendant Sluter seven times at seven different addresses.  (Id., Ex. C (Letter of Counsel for Defendant Sluter Accepting Service).)  Both Defendants are represented by the same attorney.

After counsel accepted service on Defendant Sluter's behalf, he sought a twenty-day extension to respond to Plaintiff's Complaint.  (Id.)  Defendant Schmidt answered Plaintiff's Complaint on July 31, 2012, and Defendant Sluter answered on November 13, 2012. (Doc. No. 6, Exs. B-C (Amended Notice of Removal attaching Defendants' Answers).)  In their Answers, both Defendants included a request for a Statement of Damages pursuant to Rule 4:5-2 of the New Jersey Rules Governing Civil Practice, as well as a Demand for Discovery.  (Id.)

After discovery commenced, Plaintiff responded to Defendants' Interrogatories on or about April 22, 2013, and provided Defendants with records of his medical treatment.  (See Doc. No. 8, Exs. H (Plaintiff's Responses to Form A Interrogatories), I (Physician's Report), K (Plaintiff's Response to Defendants' Notice to Produce # 12 and attached SSA Disability Determination).)  Plaintiff was also deposed on June 4 and June 26, 2013.  (See id., Ex. L (Excerpts of Pl.'s Dep.).)

On September 4, 2013, Defendants sent Plaintiff a letter again requesting a Statement of Damages.  (Id., Ex. F.)  On September 6, 2013, Plaintiff responded to Defendants' letter, and claimed damages in the amount of $1.2 million on each of Plaintiff's claims.  (Id., Ex. G.) Defendants then filed their Notice of Removal on September 24, 2013, (Doc. No. 1), and amended their Notice on October 2, 2013, (Doc. No. 6).  Plaintiff filed his Motion to Remand on

October 19, 2013, and also requested costs and attorney's fees. (Doc. No. 8.)

## II. DISCUSSION

Where, as here, a case is removed pursuant to § 1446(b)(3) more than one year after commencement of the action on the basis of jurisdiction conferred by 28 U.S.C. § 1332, that action <u>must be</u> remanded "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." <u>Id.</u> § 1446(c)(1). "If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under [§ 1446(c)(1)]." <u>Id.</u> § 1446(c)(3)(B). In determining when an action is "commenced," the Court refers to New Jersey's Rules Governing Civil Practice, which state that a civil action is "commenced" when, pursuant to Rule 4:2-2, a complaint is filed with the court. <u>See</u> <u>Am. Cas. Co. of Reading, Pa. v. Continisio</u>, No. 91-5107, 1992 WL 489730, at *3 (D.N.J. Sept. 11, 1992) ("Thus, state law itself tells us that an action is commenced, or 'brought,' by the filing of the complaint."); <u>see also</u> <u>Farrell v. Votator Div. of Chemetron Corp.</u>, 299 A.2d 394, 399 (N.J. 1973).

Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. To defeat a plaintiff's motion to remand, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. <u>Abels v. State Farm Fire & Casualty Co.</u>, 770 F.2d 26, 29 (3d Cir. 1995). Where the decision to remand is a close one, district courts are encouraged to err on the side of remand. <u>Id.</u> at 29 ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.").

Finally, where a plaintiff seeks "just costs and any actual expenses, including attorney fees, incurred as a result of the removal," 28 U.S.C. §1447(c), the Supreme Court has explained that "[a]bsent unusual circumstances, courts may award attorney's fees under Section 1447(c) <u>only</u> where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005) (emphasis added). In determining whether to award fees, district courts should employ a balancing test, "recogniz[ing] the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." <u>Id.</u> at 140.

**A. Whether Plaintiff Acted in Bad Faith**

Here, Defendants have failed to meet their burden to show that Plaintiff's conduct amounted to bad faith such that they can avail themselves of the safe harbor set forth in § 1446(c)(1).

First, Defendants initially requested a Statement of Damages on July 31, 2012, and on November 13, 2012, in connection with their Answers to Plaintiff's Complaint; Plaintiff failed to respond to Defendants' request within the five-day period set forth in the New Jersey Rules Governing Civil Practice. However, although Plaintiff failed to respond within five days, Defendants made no further effort to obtain the Statement—while pursuing discovery from Plaintiff—until September 4, 2013, more than nine months after their request. At this point in time, Plaintiff's action had been pending for 476 days—since May 16, 2012—more than 100 days outside the one-year period set forth in 28 U.S.C. § 1446(c)(1). Additionally, once

4

Plaintiff's counsel received Defendants' letter request, he promptly responded on September 6, 2013.

Second, although Defendants argue that on two separate occasions they requested that Plaintiff provide them with his "demand," Plaintiff's counsel disagrees with Defendants' characterization of the events. He states that during Plaintiff's deposition:

> Defense Counsel made statements asking what I was looking for to settle the case. In response, I asked him whether his client was interested in trying to resolve the case. He said he would go back to his client and discuss the matter. It is not my practice to discuss case resolution unless the Defendant has identified a willingness to undertake negotiations of the claim, either directly or by way of mediation.

(Doc. No. 8, Certification of Counsel in Support of Plaintiff's Motion to Remand ¶ 16.) Plaintiff's counsel further avers that this information was included in his September 6, 2013, letter to Defendants, which provided Plaintiff's Statement of Damages. (Id.)

Third, and finally, although Defendants contend that they had no way of knowing that Plaintiff's damages exceeded the $75,000 amount-in-controversy requirements of 28 U.S.C. § 1332 until they received Plaintiff's Statement of Damages in September 2013, they already had a wealth of information as to the value of Plaintiff's claims that had been disclosed during discovery. For example, Plaintiff provided Defendants with information as to his gross wages such that Defendants could have determined how much money he had lost due to his injury and subsequent inability to work.[1] Plaintiff also provided Defendants with information concerning his workers' compensation claim and the fact that as of April 30, 2013, his employer's workers' compensation carrier had a lien on any settlement Plaintiff might receive in the amount of

---

[1] (See Doc. No. 8, Ex. H (responding to Interrogatory No. 10 that Plaintiff's average weekly wages were $589.00 and the time period lost from employment was from November 8, 2011, to the present; thus, as of April 22, 2013, when Plaintiff responded to Defendants' Interrogatories, Plaintiff had lost 76 weeks, or approximately $44,764.00, in wages).)

5

$30,858.92. (See Doc. No. 8, Ex. H (discussing workers' compensation lien in response to Interrogatories 10 and 13 and attaching letter from workers' compensation carrier).) Plaintiff also responded to Defendants' Interrogatories concerning the extent of his injuries and provided medical records detailing the same. These records also provided some indication as to the scope of medical treatment that Plaintiff might need in the future.[2] It is not unreasonable to think that Defendants could have extrapolated from the data points provided by Plaintiff during discovery that Plaintiff's likely amount of damages would be in excess of $75,000. Cf. Buchanan v. Lott, 255 F. Supp. 2d 326, 332-33 (D.N.J. 2003) (finding that defendants failed to demonstrate it was more likely than not that plaintiff's claims would exceed the jurisdiction amount-in-controversy requirement for invoking federal court jurisdiction where plaintiff did not specify an amount of damages, but "indicate[d] in the complaint that her medical expenses exceeded $25,000," provided an "accompanying affidavit [that] certified that [her] medical bills were approximately $2,700, stated that while these bills were likely to increase in the future they would remain substantially below $75,000, and that although she claimed her "injuries 'incapacitated her from pursuing her usual employment and other activities,' [she had] not sought any damages resulting from any lost wages as a result of the injury.").

Plaintiff's counsel readily admits that he failed to respond to Defendants' initial request for a Statement of Damages, however, Defendants have not pointed to anything in the record to

---

[2] (See id., Exs. H (responding to Interrogatories 3 and 4 and stating, inter alia, that Plaintiff's injuries were: "complex tear, posterior horn, medial meniscus of right knee"); I (Physician's Report dated June 13, 2012, stating that Plaintiff's injuries were right knee grade IV chondromalacia patella, chronic pain in the right knee and altered gait with the necessity to use a cane, and further stating that Plaintiff had a 52.5% permanent/partial disability in the right leg); K (Plaintiff's Response to Defendants' Notice to Produce # 12 and attached SSA Disability Determination).)

convince the Court that this failure was a bad faith attempt to conceal the value of Plaintiff's claims, rather than counsel's mere carelessness or neglect.

Having failed to meet their burden of showing that the Court has jurisdiction to hear this case, the Court will grant Plaintiff's motion to remand.

### B. Whether Plaintiff is Entitled to Costs and Attorney's Fees

Defendants argue that they had an objectively reasonable basis for removing this case because they "simply could not determine whether the Plaintiff's claims met the jurisdictional minimum until receipt of the Plaintiff's Statement of Damages." (Doc. No. 11, Defs.' Opp'n Br. 13.) Although Defendants could have concluded that based on the discovery record before them the amount in controversy would likely exceed $75,000, the Court cannot say that they lacked any objectively reasonable basis for holding off on seeking removal until they received a definitive confirmation from Plaintiff as to the precise amount of damages that he intended to seek. Accordingly, Plaintiff's motion for costs is DENIED.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand and for costs is **GRANTED IN PART** and **DENIED IN PART**. The Court will remand this matter to the Superior Court of New Jersey, Camden County, but deny Plaintiffs' motion for costs. An appropriate order shall issue today.

Dated: 1/10/2014                                     /s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge